UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CONAIR CORPORATION,                                          :
                                                             :
                          Plaintiff,                         :
                                                             :
                   -v-                                       :
                                                             :
JARDEN CORPORATION and SUNBEAM                               :
PRODUCTS, INC. d/b/a JARDEN CONSUMER                         :
SOLUTIONS,                                                   :
                                                             :
                          Defendants.                        :
-----------------------------------------------------------------------X



13-cv-6702 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

In this action, Plaintiff Conair Corporation alleges that Defendants Jarden Corporation

and Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions (collectively, "Jarden") have

infringed its patent in a milk container attachment for a cappuccino maker ("the '972 patent").

Conair brings claims of direct infringement, inducing infringement, and contributory

infringement under 35 U.S.C. § 271(a), (b), and (c), respectively.  Before the Court is Jarden's

motion to dismiss Conair's inducement and contributory infringement claims. Dkt. No. 13.  For

the following reasons, Jarden's motion is denied.

I.      **Background**

        Conair is a developer, manufacturer, and marketer of consumer products and appliances;

it owns the brand Cuisinart, through which it sells espresso, cappuccino, and latte makers. Am.

Compl. ¶¶ 1, 14.  In 1995, Conair became the owner of the '972 patent, which is entitled "Milk

Container Attachment for Cappucino [sic] Maker." *Id.* ¶ 13.  The patent's abstract reads:

        A separate, removable milk container is provided which can be attached to and detached
        from a cappucino coffee maker.  Alternatively, it can be attached to a modified espresso
        maker, converting it to making cappucino.  The container has make and break

1

connections for a milk delivery tube, so that, when the unit is not in use, the milk
container can be removed from the unit and stored in a refrigerator to prevent spoiling of
the milk.  The cappucino maker includes a steam line to heat the coffee and milk.  This
line runs through a venturi, drawing milk into it, and then forces the steamed and frothed
milk to a steamed milk outlet proximate to the coffee dispensing spout.  The separate
milk container includes means for attaching it to the unit and a milk tube which runs to
the venturi.  Thus, in use, the venturi draws milk from the container into the steam line
and to the frothed milk outlet.

Am. Compl. Ex. A at 1.  The patent contains five claims; four describe "improvements" to a
cappuccino maker, and the fifth describes the detachable milk unit.  *Id.* at 6.

According to Conair's amended complaint, Jarden also manufactures espresso,
cappuccino, and latte machines through its brand Mr. Coffee.  Am. Compl. ¶ 6.  At least four
machines sold under the Mr. Coffee imprint, which Conair calls the "Accused Products,"
allegedly infringe the '972 patent.  *Id.* ¶¶ 6–7.  On April 25, 2013, Conair notified Jarden by
letter that these models infringed the '972 patent, yet Jarden "did not stop manufacturing,
importing, offering to sell, [or] selling" the infringing machines, nor did it recall them.  *Id.* ¶ 16.
On that basis, Conair claims that Jarden is liable for direct infringement, inducing infringement,
and contributory infringement.  *See id.* ¶¶ 21–25.

Conair commenced this action on September 23, 2013, and Jarden filed its motion to
dismiss on January 15, 2014.  Pursuant to Rule 3.F of the undersigned's individual rules of
practice in civil cases, Conair was given an opportunity to amend its complaint in response to
Jarden's motion.  Conair indicated that, in response to information provided by Jarden, it would
change the name of one of the Defendants from "Jarden Consumer Solutions" to "Sunbeam
Products, Inc. d/b/a Jarden Consumer Solutions."  Dkt. No. 17.  However, Conair also indicated
that it would not be amending the complaint's substantive allegations.  Accordingly, Jarden's

motion to dismiss remained pending after Conair filed its amended complaint on January 27, 2014, and that motion was fully submitted on February 24, 2014.

## II.   Discussion

Jarden only moves to dismiss Conair's claims for inducing infringement and contributory infringement.  With respect to direct infringement, a patent complaint that complies with Form 18 for patent claims—as Jarden concedes Conair's complaint does, *see* Def. Reply at 1–2—may not be dismissed on the ground that it fails to state a claim.  *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283–84 (Fed. Cir. 2013).  By contrast, claims of inducement and contributory infringement must be evaluated under the familiar Rule 12(b)(6) standards set forth in the Supreme Court's *Twombly* and *Iqbal* decisions.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement.").  Accordingly, with respect to Conair's claims of inducement and contributory infringement, the Court must determine whether Conair's complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," setting aside any legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

### A.  Inducing Infringement[1]

"Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  "Inducement requires a showing that the alleged inducer knew of the patent,

---

[1] Jarden points out that many of the allegations in Conair's complaint are pled "on information and belief."  It argues that these allegations are insufficient to support a claim without "a statement of facts on which the belief is founded."  Def. Br. at 7 (quoting *Navarra v. Marlborough Gallery, Inc.*, 820 F. Supp. 2d 477, 485 (S.D.N.Y. 2011)).  But the cases that it cites improperly import rules developed by the Second Circuit in the Rule 9(b) context into the

knowingly induced the infringing acts, and possessed a specific intent to encourage another's

infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed.

Cir. 2009). Put differently, the defendant must intentionally induce activity that it actually

knows to be infringing. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068

(2011). Although Jarden is correct that many of the complaint's allegations amount to

conclusory assertions, *e.g.*, Am. Compl. ¶ 24 (alleging that Jarden infringed Conair's patent by

"knowingly inducing the infringement . . . by end users of its Accused Products"), the Court

nonetheless concludes that Conair has pled sufficient factual matter to state a claim of inducing

infringement. Specifically, reading the complaint as a whole, the Court cannot agree with

Jarden's argument that the mere sale of its espresso machines "cannot in any way be considered

an act" that would induce infringement. Def. Reply at 3.

   First, the complaint can reasonably be read to allege that Jarden's customers engaged in

infringing activity. Conair alleges that Jarden "markets, distributes, and sells" its products,

including Mr. Coffee espresso machines. Am. Compl. ¶ 3. The patent statute states that

"whoever without authority makes, *uses*, offers to sell, or sells any patented invention" is liable

for direct infringement. 35 U.S.C. § 271(a) (emphasis added). Thus, a customer's use of an

infringing product constitutes primary infringement. *See Aro Mfg. Co. v. Convertible Top

Replacement Co.*, 377 U.S. 476, 484 (1964); R. Carl Moy, *Moy's Walker on Patents* § 14:32 (4th

ed.) ("[O]ne who buys an infringing device from another, and who therefore has neither made

the invention nor sold it, can be held liable for infringement when the device is used."). As a

result, although Conair's complaint does not identify specific instances of direct infringement, it

---

Rule 12(b)(6) context. *See Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972). Conair is not alleging fraud, so the court can consider its well-pleaded factual allegations despite the fact that they are "on information and belief."

adequately alleges infringing activity by Jarden's "end users."  Am. Compl. ¶ 24; *see Bill of Lading*, 681 F.3d at 1336 ("To state a claim for indirect infringement, . . . a plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists.").

Second, drawing all reasonable inferences in Conair's favor, the complaint adequately alleges that Jarden intended for this infringing activity to occur.  This case appears to be somewhat unusual, in that plaintiffs ordinarily sue for inducement when the defendant itself has not engaged in direct infringement—such as selling infringing products, as Conair alleges Jarden has done.  Often, for example, a plaintiff will allege inducement when the defendant sells products that *can* be used to infringe, but which also have non-infringing uses.  In such cases, intent can be inferred from circumstantial evidence that the defendant intended for its customers to use its product in an infringing way, but courts require something more than the mere sale of a product.  *See, e.g.*, *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc) ("Evidence of 'active steps . . . taken to encourage direct infringement,' such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use." (alteration in original) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005))).

This case is different, because the product itself is (allegedly) infringing.  Conair's core allegation is that Jarden is selling coffee machines that infringe Conair's patent in a removable milk container attachment.  Given that coffee drinkers frequently enjoy milk with their coffee, it would be reasonable to infer that Jarden intended and expected its customers to use the milk

container attachment that it allegedly included in the coffee machines that it sold.  In short, in

light of the nature of both Jarden's product and Conair's patent, and drawing all reasonable

inferences in Conair's favor, the mere sale of the allegedly infringing coffee machines in this

case is sufficient circumstantial evidence of Jarden's intent to induce its customers'

infringement.  *See Ricoh Co. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008)

(evidence that defendant sold component whose "sole purpose" was to perform plaintiff's

patented process was sufficient circumstantial evidence of intent to preclude summary judgment

on inducement claim); *Wing Shing Prods. (BVI), Ltd. v. Simatelex Manufactory Co.*, 479 F.

Supp. 2d 388, 411 (S.D.N.Y. 2007) (plaintiff adequately pled inducement by alleging that

defendant manufactured and sold infringing products).

  Finally, Conair alleges that Jarden "did not stop manufacturing, importing, offering to

sell, [or] selling" its machines after Conair put Jarden on notice of its infringement by sending it

a letter notifying it of the '972 patent and indicating that specific Jarden model numbers

infringed that patent.  Am. Compl. ¶ 16.  These allegations are sufficient to plead that Jarden

intended for its customers to infringe Conair's patent with "knowledge that the induced acts

constitute patent infringement."  *Global-Tech*, 131 S. Ct. at 2068; *see, e.g.*, *Golden Blount, Inc.*

*v. Robert H. Peterson Co.*, 438 F.3d 1354, 1364 n.4 (Fed. Cir. 2006) ("undisputed" that

plaintiff's letter gave sufficient notice that activity induced by defendant was infringing).  For

these reasons, the Court concludes that Jarden has stated a claim of inducing infringement.

### B.  Contributory Infringement

  The Court now turns to Conair's claim for contributory infringement.  As relevant here,

"[w]hoever offers to sell or sells within the United States . . . a component of a patented machine

. . . constituting a material part of the invention, knowing the same to be especially made or

especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c). Thus, to state a claim for contributory infringement, Conair must adequately allege (1) that there was direct infringement, (2) that Jarden had knowledge of Conair's patent, (3) that Jarden sold components without substantial noninfringing uses, and (4) that the component is a material part of the invention. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

Jarden appears to argue that Conair's complaint is deficient because it fails to allege "that Jarden's knowledge and its accompanying actions were done with the intent to infringe [the '972] patent," and because Conair does not actually allege direct infringement by third-party purchasers of Jarden's products. Def. Reply at 4. These arguments fail largely for reasons already discussed: The complaint alleges that Jarden sold coffee makers that infringed Conair's patent in a removable milk container attachment. From that allegation, the Court can reasonably infer that Jarden intended and expected that its customers would *use* the milk container attachment and, by doing so, infringe Conair's patent. The complaint also adequately alleges that Jarden knew about Conair's patent by describing the notice that Conair sent Jarden. Am. Compl. ¶ 16. These allegations suffice to establish the knowledge required by § 271(c).[2] *See Aro Mfg.*, 377 U.S. at 488–91 (plaintiff's notice identifying patent and informing defendant that components were being used for infringing product "clearly" established defendant's knowledge). And by alleging the existence of customers whose use of Jarden's coffee machines

---

[2] To the extent that Jarden seeks to impose an "intent" requirement on § 271(c) in addition to a knowledge requirement, its argument finds no support in the law. *See Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990) ("Section 271(c) . . . made clear that only proof of a defendant's *knowledge*, not *intent*, that his activity cause infringement was necessary to establish contributory infringement.").

allegedly infringed the '972 patent, Conair has also sufficiently alleged the existence of direct infringement by those customers. *See Bill of Lading*, 681 F.3d at 1336.

Jarden also argues that Conair's complaint fails to adequately allege that the components it sold have no substantial noninfringing uses. Def. Br. at 5–6. The Court disagrees. To begin with, the complaint specifically asserts that Jarden's products "are not suitable for substantial non-infringing use." Am. Compl. ¶ 25. While this arguably resembles a legal conclusion masquerading as a factual allegation, the Court notes the difficulty of alleging enough facts to demonstrate a negative at this stage. For this reason, numerous post-*Iqbal* cases have not required detailed factual allegations in support of a plaintiff's claim that a defendant's product lacks substantial noninfringing uses. *See, e.g.*, *Bel Fuse Inc. v. Molex Inc.*, No. 13-cv-2566, 2014 WL 2710956, at *7 & n.3 (D.N.J. June 16, 2014); *Locata LBS, LLC v. Yellowpages.com, LLC*, No. 13-cv-7664, 2014 WL 2581176, at *6 & n.4 (C.D. Cal. Apr. 18, 2014); *Driessen v. Sony Music Entm't*, No. 09-cv-140, 2013 WL 4501063, at *2 (D. Utah Aug. 22, 2013); *Novartis Pharm., Corp. v. Wockhardt USA LLC*, No. 12-cv-3967, 2013 WL 5770539, at *10 (D.N.J. Oct. 23, 2013). In *Bill of Lading*, the Federal Circuit upheld a district court's dismissal of a complaint on the ground that the plaintiff inadequately pled the absence of a substantial noninfringing use. But it emphasized that "the district court did not conclude that the allegations of contributory infringement lacked sufficient detail to satisfy the specificity requirement of *Twombly* and *Iqbal*; the district court found that affirmative allegations of fact in the amended complaints defeated any claim of contributory infringement." *Bill of Lading*, 681 F.3d at 1337. In other words, the plaintiff itself had alleged facts showing that the defendant's product could be used in substantial noninfringing ways. *Id.* at 1339. In this case, by contrast, Conair does not allege any facts that would tend to undermine its assertion that Jarden's products lack substantial noninfringing uses.

Finally, Jarden appears to argue that § 271(c) should not even apply to this case because "the sale of an espresso machine can[not] be considered a sale of a component." Def. Reply at 4. Conceptually, it is true that "the issue of contributory infringement will not ordinarily arise where . . . the thing supplied is itself patented." *Dennison Mfg. Co. v. Ben Clements & Sons, Inc.*, 467 F. Supp. 391, 427 (S.D.N.Y. 1979). That is because when a defendant has sold a machine or other invention that itself infringes the plaintiff's patent, the plaintiff should be able to recover from the defendant for direct infringement without resorting to theories of indirect liability. *See Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990) (noting that Congress intended § 271(c) to codify prior case law "deal[ing] with the situation where a seller would sell a component which was *not itself technically covered* by the claims of a product or process patent but which had no other use except with the claimed product or process") (emphasis added).

Nonetheless, the Federal Circuit has held that § 214(c) "applies not only to the bare sale of an infringing component, but also to the sale of that component as part of a product or device." *Ricoh*, 550 F.3d at 1337. *Ricoh* concerned a particular component (a microprocessor), sold by the defendant as part of a larger product (a disc drive); the component allowed the defendant's customers to practice a method patent owned by the plaintiff (writing data to optical discs). The court held that the component's being bundled together with noninfringing components did not defeat the plaintiff's contributory infringement claim. *Id.* at 1336–39. Like the plaintiff in *Ricoh*, Conair alleges that Jarden's customers infringe the '972 patent by using the milk container attachment, which is a component of larger coffee machines that Jarden sells. It is true that in *Ricoh*, the mere sale of the microprocessor (as part of the disc drive) could not be direct infringement, because infringement occurred only when the defendant's consumers

practiced the method; here, by contrast, Conair's claims involve machine improvements, not

methods, so the mere sale of the component *can* constitute direct infringement.  But Jarden has

cited no authority, and the Court has not uncovered any, suggesting that this distinction—i.e.,

whether the mere sale of a component itself also constitutes direct infringement—is relevant to a

defendant's liability for contributory infringement stemming from its customers' use of the

component for their own direct infringement.  As a result, the Court declines, at this stage, to

dismiss Conair's contributory infringement claim on that basis.  Thus, the fact that Conair's

contributory infringement claim is essentially a "repetition" of its direct infringement claim, Def.

Reply at 5, is not fatal provided that the contributory infringement claim is otherwise adequately

pled—which, as explained above, it is.

## III.  Conclusion

For the foregoing reasons, Jarden's motion to dismiss Conair's claims for inducing

infringement and contributory infringement is DENIED.

On January 16, 2014, the Court adjourned the initial pre-trial conference in this matter

pending resolution of Jarden's motion to dismiss.  Dkt. No. 16.  Counsel for the parties are

hereby directed to appear for an initial pre-trial conference on **October 3, 2014** at **10:30 AM** in

Courtroom 906 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New

York, New York.  Counsel are directed to confer with each other prior to the conference

regarding each of the subjects required by the Southern District of New York's Pilot Program

Regarding Case Management Techniques for Complex Civil Cases (the "Pilot Project"),[3]

including all subjects to be considered at a Fed. R. Civ. P. 16 conference.  Additionally, in

---

[3] The Pilot Project's procedures are available at http://nysd.uscourts.gov/rules/Complex_Civil_Rules_Pilot.pdf.  The parties should follow these procedures even if they are inconsistent with this Court's individual rules.

accordance with the Court's Individual Rules, the parties are directed to ECF file a proposed

Civil Case Management Plan and Scheduling Order no later than seven days prior to the August

29 conference.  This document should contain all information and deadlines required by Sections

I.A and I.B and Exhibit A of the Pilot Project's procedures.  Counsel are directed to use

numbered paragraphs and headings where appropriate.

       This resolves Docket No. 13.

       SO ORDERED.

Dated: August _____, 2014
       New York, New York

                                  ALISON J. NATHAN
                          United States District Judge